**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARICK DABISH, Individually and on Behalf of All Others Similarly Situated<br><br>        Plaintiff,<br><br>    vs.<br><br>INFINITELABS, LLC,<br><br>        Defendant. | Case No.: 13-cv-2048-BTM-DHB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Defendant Infinitelabs, LLC, has moved to transfer this case from the Southern District of California to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the following reasons, Defendant's motion is DENIED.

## I.  BACKGROUND

Defendant is a Florida limited liability company with its principle place of business in Orlando, Florida. ¶ 30[1] Defendant manufactures, markets, advertises, sells, and distributes the dietary supplement "Infinite Labs Pro Tribulus," which is used to enhance testosterone levels and muscle development. ¶¶ 1, 3, 8. The sole ingredient is Tribulus Terrestris. ¶ 8. Defendant is authorized to do business in California and is doing so. ¶ 30. All decisions regarding the formulation, marketing, and packaging of Defendant's products are made at Defendant's offices

---

[1] Unless otherwise noted, all facts herein are taken from the Complaint and all "¶" citations are references to paragraphs of the Complaint.

in Orlando. (Motion to Dismiss, Declaration of SiaMack Alavi ("Alavi Decl.") ¶ 5). All documents and personnel relating to the formulation, marketing, and packaging of Defendant's products are located in Orlando. (Alavi Decl. ¶¶ 6-7).

Bodybuilding.com is an online retailer of Defendant's supplement. ¶ 4. Defendant provides Bodybuilding.com and other online retailers with advertising and marketing language and label images for its Pro Tribulus supplement.¶ 5. Plaintiff alleges that Defendant also sells the supplement through brick and mortar retailers throughout the United States. ¶ 28.

Plaintiff is a resident of San Diego County, California. ¶ 29. In May 2013, Plaintiff was in San Diego when he purchased Defendant's product from Bodybuilding.com. ¶ 29. Plaintiff alleges that Defendant uses several false, fraudulent, misleading, unfair, and deceptive claims on its website and Bodybuilding.com. ¶¶ 18-19. Plaintiff reviewed the product's labeling and marketing material and relied on both in deciding to purchase Defendant's supplement. ¶¶ 32-33. Plaintiff alleges that, absent Defendant's false and misleading advertising, he would not have purchased Defendant's product. ¶ 49.

Plaintiff alleges that Defendant's false claims can be divided into two categories: claims regarding enhanced testosterone production and claims regarding increased muscle mass. Regarding testosterone, defendant claims that its supplement provides "Advanced LH Production Support," and will "Support Natural Testosterone Production," and "Support LH Production." ¶ 36; Exhibits A, B. Regarding muscle mass, Defendant claims that its supplement will "Increase Lean Muscle Naturally," provides "Growth & Recovery," and is "The Athlete's Performance Aid." ¶ 41; Exhibits A, B. Plaintiff contends that both sets of claims are contrary to medical studies on animals and humans. ¶¶ 37-40, 42-44.

Plaintiff subsequently sued Defendant, individually and on behalf of a putative California and national class, asserting claims for violations of the California Business and Professions Code § 17200 et seq.; California Civil Code §

1750 et seq.; California Business and Professions Code § 17500 set seq.; and breach of express warranty. Defendant now moves that this case be transferred to the Middle District of Florida. Plaintiff opposes the motion.

## II.  LEGAL STANDARD

28 U.S.C. § 1391(b) provides:

> [a] civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

However, even where venue is proper, a discretionary transfer may be sought under 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." See 28 U.S.C. § 1404 (1948 Revision Notes) (Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper.").

In determining whether transfer is appropriate in a particular case, courts consider several factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000); accord Decker Coal Co., 805 F.2d at 843. The burden of showing that transfer is appropriate rests on the moving party. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## III.  DISCUSSION

The Court is satisfied that both the Southern District of California and the Middle District of Florida are appropriate venues for this action because "a substantial part of the events or omissions giving rise to the claim occurred" in each district. 28 U.S.C. § 1391(b)(2).

Defendant has moved to transfer this case from California to Florida pursuant to 28 U.S.C. § 1404(a), which is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988) (internal quotation marks and citation ommitted). The Court will consider each of the Jones factors and their application on these facts. See 211 F.3d at 498–99.

(1) The location where the relevant agreements were negotiated and executed

While this factor is probative in contract disputes, Plaintiff has not alleged a breach of contract in this case. The Court finds that this factor is inapplicable on these facts and thus neutral -- it neither weighs in favor nor against transfer to the Middle District of Florida.

### (2) The state that is most familiar with the governing law

Plaintiff's complaint states claims for relief under California law. This court is presumably more familiar with the California law than a court in Florida will be. While "other federal courts are fully capable of applying California law," Foster v. Nationwide Mut. Ins. Co., (N.D. Cal. 2007), the Ninth Circuit has recognized that there is a heightened "interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action," Decker Coal Co., 805 F.2d at 843. Accordingly, the Court finds that this factor weighs against transfer.

### (3) The plaintiff's choice of forum

Generally, plaintiff's choice of forum is afforded considerable weight, but "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). In this case, Plaintiff has chosen to bring suit in the Southern District of California, and his choice cannot be ignored or lightly set aside. The Court finds that this factor weighs against transfer. However, because Plaintiff is purporting to represent a national class, his choice is entitled to less deference than it would be under other circumstance.

### (4) The respective parties' contacts with the forum

Defendant appears to have limited contact with the Southern District of California. While its principle place of business is Orlando, Florida, it is authorized to conduct business in California. Defendant is producing and selling products via the internet and retails stores throughout the nation, including California.

Plaintiff's contact with the Middle District of Florida appears to be non-existent. Neither party has alleged that Plaintiff has any connection to Florida beyond buying a product online supplied by a Florida company.

Having considered both parties contacts with each potential forum, the Court finds that this factor weighs against transfer.

(5) The contacts relating to the plaintiff's cause of action in the chosen forum

Defendant's contacts with the Southern District of California relating to this claim include Defendant's online marketing, which Plaintiff viewed in this District, and Defendant's sale of its supplement to Plaintiff, who is a resident of this District. To the extent Defendant's advertising and labels were deceptive, part of the deception occurred in this District when Plaintiff viewed Defendant's representations and relied on them in deciding to purchase Defendant's product. Moreover, California has a compelling interest in protecting its residents from false, deceptive, or misleading advertising.

However, this action also relates to Florida, where Defendant's allegedly deceptive advertising and marketing were developed. Florida has a clear interest in regulating the conduct of its corporations.

On balance, the Court finds that while there are connections to both states and both states have an interest in this case arising from those connections, California's connections and interests predominate. The Court concludes that this factor weighs against transfer.

(6) The differences in the costs of litigation in the two forums

The parties have not raised this issue in their briefing and the Court assumes that the costs of litigation will be comparable in both districts. Accordingly, the Court finds that this factor is neutral.

(7) The availability of compulsory process to compel attendance of unwilling non-party witnesses

Neither party has suggested the existence of non-party witnesses who will be relevant to the outcome of this case. The Court finds that this factor is neutral.

(8) The ease of access to sources of proof

Defendant contends that all relevant documents under its control are in Florida. But Defendant has not shown that documents likely to be sought in discovery can only be produced with difficulty. Most relevant documents are likely

to have electronic copies or be capable of being copied and electronically produced with minimal burden.

Defendant also argues that its employees work and reside in Florida and that being forced to testify in California would be unduly burdensome. There is some merit to this argument, but the burdens of modern cross-country air travel are familiar to many and do not substantially impact the Court's analysis of this factor. Moreover, if the case were transferred to Florida, the burden of cross-country travel would merely be shifted from Defendant to Plaintiff and any other witnesses from the California class. Accordingly, the Court finds that this factor is neutral.

## IV.  CONCLUSION

Having considered each of the Jones factors, the Court finds that Defendant has not met its burden of establishing that transferring this case to the Middle District of Florida would be substantially more convenient for the parties or serve the interests of justice. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." In re Volkswagen of America, Inc., 506 F.2d 376, 384 (5th Cir. 2007). Accordingly, Defendant's motion to transfer this case to the Middle District of Florida is **DENIED.**

**IT IS SO ORDERED.**

DATED:  September 2, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court