1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARICK DABISH, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>INFINITELABS, LLC., a Florida limited liability company,<br><br>                    Defendant. | Case No. 13-cv-2048 BTM (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Defendant Infinitelabs, LLC, has filed a motion to dismiss certain claims in Plaintiff's Complaint.  For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

On September 3, 2013, Plaintiff Darick Dabish commenced this action.  Plaintiff alleges that during the "Class Period" (September 3, 2009 to the present), he purchased the dietary supplement Infinite Labs Pro Tribulus (the "Product") for his own use from a retailer website, Bodybuilding.com, based on representations on the product label and Defendant's website that the product supports natural testosterone production, provides advanced LH production, acts as an athlete's performance aid, and naturally increases lean muscle . (Compl. ¶¶ 4-5, 36, 41.)  The Product contains the sole ingredient Tribulus Terrestris ("TT").

1

2          Plaintiff alleges that Defendant's claims regarding the Product were false and

3    misleading because: (1) there is no competent and reliable scientific evidence supporting the

4    claims (Compl. ¶¶ 15, 92); (2) there is competent and reliable scientific evidence refuting

5    those claims (Compl. ¶¶ 16, 92); and (3) the Product does not provide the claimed benefits

6    (Compl. ¶¶ 51, 93).

7          Plaintiff seeks to bring this action on behalf of himself and a California and national

8    consumer class defined as: All persons in the State of California and United States "who

9    have spent money purchasing the Product from Defendant from four years from the first-filed

10   complaint in this action until the final disposition of this and any and all related cases."

11   (Compl. ¶ 55).

12         Plaintiff's Complaint asserts the following causes of action: (1) violation of the

13   Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") (2) violation of

14   the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"); (3) violation

15   of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq. ("FAL"); and (4)

16   breach of all applicable express warranties upon which Plaintiff relied in buying the Product.

17

18                                    **II.  <u>STANDARD</u>**

19         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

20   only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to

21   support a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th

22   Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's

23   complaint are taken as true and construed in the light most favorable to the plaintiff.  <u>See</u>

24   <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed

25   factual allegations are not required, factual allegations "must be enough to raise a right to

26   relief above the speculative level."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007).  "A

27   plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than

28   labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted).  Only a complaint that states a plausible claim for relief will survive a motion to dismiss.  Id.

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's class action Complaint "in its entirety," arguing that Plaintiff has failed to state claims under the CLRA, UCL, and FAL, has not pled fraud with particularity as required under F.R.C.P. 9(b), and lacks Article III standing to request injunctive relief. Defendant's Memorandum of Points and Authorities does not explicitly challenge Plaintiff's claim for breach of express warranties, and the Court does not address that claim.  The Court grants Defendant's motion to dismiss Plaintiff's claims for injunctive under the UCL, FAL, and CLRA, but denies the motion as to all remaining claims.

### A.    Lack of Substantiation

Defendant contends that the Complaint fails to allege a claim of false or misleading labels, and merely states a "lack of substantiation" claim, which Defendant argues is not cognizable under California law.  Plaintiff does not dispute this legal argument, but does dispute that his claims rely on this theory.

A number of district courts in the Ninth Circuit have wrestled with this issue.  See, e.g., Hazlin v. Botanical Laboratories, Inc., 13-cv-0618-DMS-JMA (S.D. Cal. Aug. 8, 2013); Route v. Mead Johnson Nutrition Co., 12-cv-7350-GW-JEMx, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013); Eckler v. Wal-Mart Stores, Inc., 12-cv-727-LAB-MDD, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012); In re Clorox Consumer Litig., 894 F. Supp. 2d 1224 (N.D. Cal. 2012); Cardenas v. NBTY, Inc., 870 F. Supp. 2d 984 (E.D. Cal. 2012); Chavez v. Nestle USA, Inc., 09-cv-9192-GW-CWX, 2011 WL 2150128 (C.D. Cal. May 19, 2011), aff'd in part, rev'd in

part and remanded, 511 Fed. Appx. 606 (9th Cir. 2013); Fraker v. Bayer Corp., 08-cv-1564-AWI-GSA, 2009 WL 5865687 (E.D. Cal. Oct. 2, 2009). See also Johns v. Bayer Corp., 09-cv-1935-AJB-DHB, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013); Stanley v. Bayer Healthcare LLC, 11-cv-862-IEG-BLM, 2012 WL 1132920 (S.D. Cal. Apr. 3, 2012) (addressing issue on summary judgment).   Some have found the plaintiff's claims rely on a lack of substantiation theory.  See Johns, 2013 WL 1498965; Route, 2013 WL 658251; Eckler, 2012 WL 5382218; Stanley, 2012 WL 1132920; Chavez, 2011 WL 2150128; Fraker, 2009 WL 5865687.  Others have not.  See Hazlin, 2013 U.S. Dist LEXIS 143663; In re Clorox, 894 F. Supp .2d 1224; Cardenas, 870 F. Supp. 2d 984.  The pleadings have been the determinative factor in each case.  Additionally, courts in this circuit have consistently found that a claim can survive a lack of substantiation challenge by alleging studies showing that a defendant's statement is false.  See Hesano v. Iovate Health Sciences Inc., 13-cv-1960-WQH-JMA, 2014 WL 197719, at * 3 (S.D. Cal. Jan 15, 2014);  Bronson v. Johnson & Johnson, Inc., 12-cv-4184-CRB, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013); In re Clorox, 894 F. Supp. 2d at 1233.

Defendant argues that Plaintiff's claims rely on a lack of substantiation theory because Plaintiff cited contradictory and inconclusive animal studies and "cherry picked" human studies to show only those studies that support Plaintiff's claim.  Defendant also contends that Plaintiff's failure to allege that after consuming the Product, as directed, he perceived no benefits shows that Plaintiff fails to state a claim for false advertising, and merely claims unsubstantiation.  The Court disagrees.

The Complaint lists multiple claims made in Defendant's advertisement of the Product and alleges that each is false. (Compl. ¶¶ 36, 41).  Although Plaintiff does assert that "there is no competent and reliable scientific evidence that support any of Defendant's claims" (Compl. ¶ 92), Plaintiff adds that there is scientific evidence directly refuting those representations. (Compl. ¶¶ 37-40, 42-44).  Plaintiff specifically alleges that Defendant had access to, but ignored scientific studies regarding TT's efficacy.  (Compl. ¶ 35).  Plaintiff proceeds to describe seven studies that purportedly refute Defendant's representations about the Product. (Compl. ¶¶ 37-40, 42-44).  These allegations do not assert there is a lack

of evidence to substantiate Defendant's representations.   Rather, they assert there is evidence concerning Defendant's representations, and that evidence demonstrates Defendant's representations are false and misleading.   Considering these allegations, and the Complaint as a whole, the Court disagrees with Defendant's assertion that Plaintiff's claims rely on a lack of substantiation theory, and **DENIES** the motion to dismiss as to that argument.

### B.   <u>Misleading to the Reasonable Person</u>

Defendant also argues that the Complaint mischaracterizes the labeling on the Product as suggesting that the TT would "*enhance* or *increase* testosterone production," when the product label actually states that it "*supports* natural testosterone production," and that Plaintiff fails to state facts showing that a reasonable consumer is "likely to be deceived" by this representation.

Although Plaintiff uses the phrasing "enhance or increase" rather than the correct label phrasing of "supports," to describe the alleged misrepresentation surrounding the Product's testosterone production capabilities, (<u>See</u>, <u>e.g.</u>, Compl. ¶ 36), the Complaint also  alleges that Defendant makes false and misleading claims regarding TT's ability to "enhance or increase muscle mass."  (<u>See</u>, <u>e.g.</u>, Compl. ¶ 41).  This phrasing correctly represents the allegedly misleading language in the advertised claim, that the Product "increase[s] lean muscle naturally," and Plaintiff cites scientific studies to support this position.  Thus, despite the occasional misuse of the phrase "enhance or increase testosterone," Plaintiff has sufficiently pled that the labeling on the Product contains a misrepresentation.

Finally, although Defendant argues that a reasonable consumer would not interpret the Product's labeling as Plaintiff alleges, the claim presents questions of fact that should not be decided on a motion to dismiss.  <u>See</u> <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934 (9th Cir. 2008) (reversing as improper a district court decision that decided fruit juice packaging was not likely to deceive a reasonable consumer); <u>see also</u> <u>Aguilar v. Boulder Brands, Inc.</u>, 12-cv-1862-BTM-BGS, 2013 U.S. Dist. LEXIS 81378, at *11 (S.D. Cal. June 10, 2013).

1    Accordingly, the Court **DENIES** Defendant's motion to dismiss for lack of actual

2    misrepresentation.

3

4    **C.**     **Heightened Pleading Requirements**

5        Defendant argues that the heightened pleading requirements of Federal Rule of Civil

6    Procedure 9(b) apply because Plaintiff's claims "sound in fraud." See Vess v. Ciba-Geigy

7    Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003).  Defendant further argues that Plaintiff has

8    failed to plead his claims with the specificity necessary to comply with Rule 9(b).  Thus, the

9    Court must first address whether Plaintiff's claims sound in fraud, and if so, whether Plaintiff

10   has met the heightened pleading requirements of Rule 9(b).

11

12       1.     Plaintiff's Claims Sound in Fraud

13       Under California law, claims "sound in fraud" if they allege misrepresentation,

14   knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages.

15   Vess, 317 F.3d at 1105.  Where fraud is not an essential element of a UCL or CLRA claim,

16   "a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct . . . .

17   In that event the claim is said to be 'grounded in fraud' or to 'sound in fraud' . . . ." Kearns

18   v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

19       Plaintiff's UCL, CLRA and FAL causes of action rely on the following factual

20   allegations: (a) the labeling on the Product misrepresented the Product's benefit; (b) as the

21   manufacturers of the Product, Defendant knew or should have known that the representation

22   was false; (c) Defendant continued to make the representation despite scientific evidence

23   to the contrary; (d) Plaintiff relied on the Product's testosterone-supporting and natural lean-

24   muscle-increasing representations when making his purchasing decision; and (e) Plaintiff

25   was injured because the Product failed to meet the representations (Compl. ¶¶ 32-35, 47-

26   53).  Plaintiff has alleged a unified course of fraudulent conduct.  Therefore, the claims

27   "sound in fraud," and the heightened pleading requirements of Rule 9(b) apply. See Vess,

28   357 F.3d at 1103.

2. <u>Plaintiff Meets the Heightened Pleading Requirements</u>

To meet the requirements of Rule 9(b), a claim must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993)). Allegations of fraud must contain the "who, what, when, where, and how of the misconduct charged." <u>Vess</u>, 317 F.3d at 1106 (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)) (internal quotations omitted). Defendant argues that Plaintiff has not alleged the facts necessary to comply with the specificity requirements of Rule 9(b). The Court disagrees.

Plaintiff's Complaint pleads sufficient factual detail to comply with Rule 9(b). Plaintiff alleges he purchased the Product from Bodybuilding.com on or around May of 2013, and reviewed the label and marketing material prior to purchasing the Product  (Compl. ¶¶ 29, 32).  Plaintiff alleges that the testosterone-supporting and natural lean-muscle-increasing claims made on the label of the Product misrepresented any benefit gained from the Product. Plaintiff cites scientific studies to support his assertion that the sole active ingredient in the Product - TT - does not support natural testosterone production or increase lean muscle naturally in consumers.   In sum, Plaintiff has alleged the who, what, when, where, and how of the misconduct, and has pled sufficient facts to allow Defendant an adequate opportunity to defend.  Therefore, Defendant's motion to dismiss for lack of specificity is **DENIED**.

**D.     Article III Standing to Assert a Claim for Injunctive Relief**

Defendant argues that Plaintiff has not satisfied his burden of establishing Article III standing with respective to injunctive relief because Plaintiff has not shown that he will likely be harmed again by Defendant's actions.  According to Defendant, there is no likelihood that Plaintiff will purchase the Product in the future because, according to Plaintiff, it does not work.  Therefore, there is no risk of future harm and no basis for injunctive relief.  The Court agrees.

Plaintiff bears the burden of showing that the Article III standing requirements are met.

1  D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008).  In a class

2  action, if none of the named plaintiffs establishes the existence of a case or controversy with

3  the defendants, none may seek relief on behalf of himself or any other member of the class.

4  O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

5          To establish that he has standing, Plaintiff must show that: (1) he suffered an injury

6  in fact; (2) the injury is "fairly traceable" to the challenged conduct; and (3) the injury is "likely"

7  to be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-

8  61 (1992).  To establish standing for prospective injunctive relief, Plaintiff must demonstrate

9  that "he has suffered or is threatened with a 'concrete and particularized' legal harm . . .

10  coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" Bates

11  v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007) (quoting City of Los Angeles

12  v. Lyons, 461 U.S. 95, 111 (1983)).  Plaintiff must establish a "real and immediate threat of

13  repeated injury." Bates, 511 F.3d at 985.  Although past wrongs are evidence relevant to

14  whether there is a real and immediate threat of repeated injury, past wrongs do not in and

15  of themselves amount to a real and immediate threat of injury sufficient to make out a case

16  or controversy.  Id.

17          District courts in this circuit are split over the issue of whether a plaintiff, who is

18  seeking to enjoin a seller or manufacturer from making false or misleading

19  misrepresentations about an item the plaintiff previously purchased, must be able to establish

20  that he would likely purchase the item again to establish standing.  See Delarosa v. Boiron,

21  Inc., 10-cv-1569-JUST-CWX, 8:13-19 (C.D. Cal. Dec. 28, 2012) (holding that Plaintiffs failed

22  to establish standing to seek injunctive relief against sellers who allegedly engaged in

23  deceptive advertising, by failing to demonstrate the likelihood of future purchase); see also

24  Wang v. OCZ Tech. Group, Inc., 2011 U.S. Dist LEXIS 69803, *17-18 (N.D. Cal. Oct. 14

25  2011); contra Henderson v. Grama Corp., 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011)

26  (rejecting the argument that the plaintiffs did not have standing to sue for injunctive relief

27  because they were now informed about the product's harmful properties and asserted that

28  they would not purchase it again); see also Koehler v. Litehouse, Inc., 2012 WL 6217635

1  (N.D. Cal. Dec. 13, 2012); Larsen v. Trader Joe's Co., 2012 WL 5458396 (N.D. Cal. June 14,

2  2012).

3      As previously stated in Mason v. Nature's Innovation, Inc., 12-cv-3019-BTM-DHB

4  (S.D. Cal. May 13, 2013), this Court agrees with the  courts that hold that a plaintiff does not

5  have standing to seek prospective injunctive relief against a manufacturer or seller engaging

6  in false or misleading advertising unless there is a likelihood that the plaintiff would suffer

7  future harm from the defendant's conduct – i.e., the plaintiff is still interested in purchasing

8  the product in question.  Ninth Circuit law makes it clear that the plaintiff must establish "a

9  sufficient likelihood that he will again be wronged in a similar way." Bates, 511 F.3d at 985;

10  see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 949 (9th Cir. 2011).

11      In this case, as in Mason, it is apparent that Plaintiff has no intention of buying

12  Defendant's product again in the future.  According to Plaintiff, the Product has no efficacy

13  with respect to providing support for testosterone levels and naturally increasing lean muscle,

14  negating the reasons Plaintiff bought the Product.  (Compl. ¶¶ 46-48).  Therefore, Plaintiff

15  has  not  established  the  likelihood  of  future  injury  from  Defendant's  alleged

16  misrepresentations regarding the product and lacks Article III standing to seek injunctive

17  relief.

18      Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's claims for

19  injunctive relief under the CLRA, UCL, and FAL.  However, injunctive relief is not the only

20  form of relief that Plaintiff seeks in connection with these three claims.  Plaintiff also seeks

21  disgorgement of profits and restitution under all three claims, as well as punitive damages

22  under the CLRA (Compl. ¶ 71).  However, while Defendant failed to raise the issue, the Court

23  notes that Plaintiff failed to file an affidavit of proper venue as required by Cal. Civ. Code §

24  1780(d).  See Castagnola v. Hewlett-Packard Co., 2012 WL 2159385, at * 10 (N.D. Cal. June

25  13, 2012); see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV

26  Television Lit., 758 F. Supp. 2d 1077, 1094  (S.D. Cal. Nov. 30, 2010).

27

28

### IV.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's motion is **GRANTED** as to Plaintiff's claims for injunctive relief, and is **DENIED** as to Plaintiff's claims for restitution and disgorgement under the CLRA, UCL and FAL, punitive damages under the CLRA, and for breach of express warranty.   Plaintiff's claims for injunctive relief under the CLRA, UCL and FAL are **DISMISSED**.  Plaintiff may file an amended complaint addressing the deficiencies in standing for injunctive relief within 14 days from the entry of this order.  Plaintiff shall also file the affidavit required by Cal. Civ. Code § 1780(d) within 14 days of the entry of this order.  Defendant shall file an answer to the present or amended complaint within 24 days of the entry of this order.

**IT IS SO ORDERED.**

DATED:  September 17, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

13cv2048 BTM(DHB)